UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cr-99-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DARRIS DEE MARSHALL, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence

Pursuant to USSC Amendment 821. (Doc. No. 67). The Government has filed a response in

opposition to the motion. (Doc. No. 70). Because Defendant is not eligible for a sentence reduction

under Amendment 821, the Court will deny the motion.

## I. Background

In November of 2014, Defendant and a female companion robbed a Fifth Third Bank in

Charlotte, North Carolina. (Doc. No. 49 ¶¶ 5–10). Defendant brandished a firearm during the

robbery. (Id. ¶ 5). When Defendant committed the bank robbery, he had been convicted three

times of breaking and entering, among other offenses. (Id. ¶¶ 34–43).

A federal grand jury indicted Defendant, charging him with armed bank robbery, 18

U.S.C. § 2113(d); brandishing a firearm during and in relation to a crime of violence, 18 U.S.C.

§ 924(c); and possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 1).

Defendant entered into a plea agreement with the Government, pleading guilty to the bank-

robbery and Section 924(c) firearm offenses. (Doc. Nos. 32, 36).

This Court's probation office submitted a presentence report and calculated a total

1

offense level 21 for the bank robbery offense. (Doc. No. 49 ¶ 29). Defendant's criminal history

garnered 8 criminal-history points related to his prior convictions. (Id. ¶ 44). The probation

office did not assess Defendant any criminal-history points because he committed his offense

while under a criminal-justice sentence. (Id. ¶¶ 44–45). The probation office concluded that the

Sentencing Guidelines advised a sentence of between 57 and 71 months in prison for the bank-

robbery offense based on a total offense level of 21 and a criminal-history category of IV. (Id. ¶

73). Defendant faced a mandatory consecutive sentence of 84 months in prison for his firearm

offense. (Id. ¶ 72). This Court sentenced Defendant to 57 months in prison for the bank-robbery

offense and to a consecutive term of 84 months in prison for the firearm offense, for an aggregate

sentence of 141 months in prison. (Doc. No. 56 at 2).

Defendant now asks this Court to reduce his sentence based on Amendment 821 to the

Sentencing Guidelines. Defendant asserts that he was assessed "two criminal history points" for

"committing an offense while on supervised release/parole/probation." (Doc. No. 67 at 1).

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the

Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The

Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively

applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18

U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status

points previously assessed under § 4A1.1(d) for defendants who committed their offense while

under any criminal-justice sentence, including probation, parole, supervised release,

imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that

adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

**III.    Analysis**

Here, contrary to Defendant's assertion in his motion, the probation office did not assess Defendant any criminal history points for committing the instant offense while under a criminal justice sentence, rendering him ineligible for reduction under Part A of Amendment 821. Thus,

3

Defendant is not eligible for sentence reduction under Amendment 821 of the Sentencing Guidelines. The Court will therefore deny Defendant's motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 67) is **DENIED**.

Signed: April 4, 2024

Max O. Cogburn Jr.
United States District Judge

4